ALICE BINS RAINEY, MICHELE R. ROTOSKY, AND MADELINE DAVIS TUCKER, PETITIONERS v. NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION AND STATE BOARD OF EDUCATION, RESPONDENTS

No. 143PA07

(Filed 9 November 2007)

**Administrative Law— differing decisions by ALJ and agency— superior court review—consideration of agency's construction of statute**

In reviewing the final decision of the State Board of Education in a contested case in which the Board did not adopt the decision of the administrative law judge, the Court of Appeals erred in its holding that the superior court is barred from giving any consideration to the agency's construction of the applicable

statute when it conducts a de novo review pursuant to N.C.G.S. § 150B-51(c). Subsection (c) refers only to the agency's decision in the specific case before the court and does not bar the trial court from considering the agency's expertise and previous interpretations of the statutes it administers, as demonstrated in rules and regulations adopted by the agency or previous decisions outside of the pending case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 181 N.C. App. 666, 640 S.E.2d 790 (2007), reversing an order and judgment entered on 7 September 2005 by Judge Howard E. Manning, Jr. in the Superior Court in Wake County. Heard in the Supreme Court 16 October 2007.

*Poyner & Spruill LLP, by Thomas R. West and Pamela A. Scott, for petitioner-appellee Madeline Davis Tucker.*

*Roy Cooper, Attorney General, by Laura E. Crumpler, Assistant Attorney General, and Thomas J. Ziko, Special Deputy Attorney General, for respondent-appellants.*

PER CURIAM.

In reversing the trial court's judgment and order that petitioner-appellee, Madeline Davis Tucker, did not qualify for a twelve percent salary increase under North Carolina's National Board for Professional Teaching Standards program, the Court of Appeals determined, *inter alia*, that the trial court erred in applying the de novo standard of review mandated by N.C.G.S. § 150B-51(c). We reverse and remand to the Court of Appeals for reconsideration.

N.C.G.S. § 150B-51(c), added to the North Carolina Administrative Procedure Act ("APA") by our legislature in 2000, mandates that in cases in which the agency does not adopt the administrative law judge's decision, "the [superior] court shall review the official record, de novo, and shall make findings of fact and conclusions of law." N.C.G.S. § 150B-51(c) (2005). In conducting its de novo review, "the [superior] court shall not give deference to any prior decision made in the case and shall not be bound by the findings of fact or the conclusions of law contained in the agency's final decision." *Id.*

In its order and judgment here, the superior court discussed N.C.G.S. § 150B-51(c) and concluded that in conducting its de novo

review it "need not defer to any prior decision in the case, or give any greater weight to the Agency's application of the law to the facts, [but] the Court may nevertheless give appropriate weight to an Agency's demonstrated expertise and consistency in applying various statutes." The Court of Appeals concluded that the trial court's "[d]eference to the agency [was] inconsistent with [subsection (c)'s statutory] mandate" and held that "the trial court erred in its application of the standard of review." *Rainey v. N.C. Dep't of Pub. Instruction*, 181 N.C. App. 666, 672, 640 S.E.2d 790, 795 (2007). The Court of Appeals' decision appears to bar the superior court from giving any consideration to the agency's construction of the statute when it conducts de novo review pursuant to N.C.G.S. § 150B-51(c). In our view, the Court of Appeals' decision goes beyond both the plain language and the intent of subsection (c).

On its face, subsection (c) provides that the superior court is not required to defer to prior decisions of the agency made "in the case" and that the court is not bound by the findings of fact or the conclusions of law "in the agency's final decision." N.C.G.S. § 150B-51(c). Subsection (c) refers only to the agency's decision in the specific case before the court. It does not bar the trial court from considering the agency's expertise and previous interpretations of the statutes it administers, as demonstrated in rules and regulations adopted by the agency or previous decisions outside of the pending case.

This reading is consistent with traditional canons of statutory construction. *N.C. Sav. & Loan League v. N.C. Credit Union Comm'n*, 302 N.C. 458, 465-66, 276 S.E.2d 404, 410 (1981) (an agency's interpretation of a statute is traditionally accorded some deference by appellate courts conducting de novo review, but those interpretations are not binding). It is also consistent with a contemporaneous explanation of N.C.G.S. § 150B-51(c):

> [T]he legislation only provides that "the court shall not give deference to any prior decision made in the case and shall not be bound by the findings of fact or conclusions of law contained in the agency's final decision." If the *only* authority for the agency's interpretation of the law is the decision in that case, that interpretation may be viewed skeptically on judicial review. If the agency can show that the agency has consistently applied that interpretation of the law, if the agency's interpretation of the law is not simply a "because I said so" response to the contested case, then the agency's interpretation should be accorded the same def-

erence to which the agency's construction of the law was entitled under prior law.

Brad Miller, *What Were We Thinking?: Legislative Intent and the 2000 Amendments to the North Carolina APA*, 79 N.C. L. Rev. 1657, 1665-66 (2001) (footnote omitted) (Former North Carolina State Senator Miller chaired the committee that drafted the bill).

The decision of the Court of Appeals is reversed and remanded for reconsideration in light of this opinion.

REVERSED AND REMANDED.