ALICE BINS RAINEY, MICHELE R. ROTOSKY AND MADELINE DAVIS TUCKER, PETITIONERS-APPELLANTS v. NORTH CAROLINA DEPARTMENT OF PUBLIC INSTRUCTION AND STATE BOARD OF EDUCATION, RESPONDENTS-APPELLEES

No. COA05-1609-2

(Filed 7 October 2008)

**Administrative Law— superior court deference to demonstrated expertise and consistency of Board of Education—erroneous standard of review did not affect remainder of case**

The Court of Appeals reconsidered its opinion in *Rainey* I, as directed by our Supreme Court, and held that its analysis concluding the superior court should not have given deference to the State Board of Educations's demonstrated expertise and consistency in applying various statutes, regarding pay increases for teachers who attain national certification, was erroneous. However, it reviewed the merits of the case without further consideration of the trial court's standard of review and concluded the remainder of the opinion in *Rainey I*, and its disposition, are unaffected by the error.

Appeal by petitioner from order and judgment entered 7 September 2005 by Judge Howard E. Manning, Jr., in Wake County Superior Court. Heard in the Court of Appeals 22 January 2007. Opinion filed by the Court of Appeals 20 February 2007. Heard in the Supreme Court 16 October 2007. Opinion filed by the Supreme Court 9 November 2007 reversing the Opinion of the Court of Appeals. Remanded to the Court of Appeals for reconsideration.

*Poyner & Spruill LLP, by Thomas R. West and Pamela A. Scott, for petitioners.*

*Attorney General Roy Cooper, by Assistant Attorney General Laura E. Crumpler, for respondents.*

ELMORE, Judge.

On 9 November 2007, the North Carolina Supreme Court published an opinion reversing this Court's opinion in *Rainey v. N.C. Dep't of Pub. Instruction*, 181 N.C. App. 666, 640 S.E.2d 790 (2007) (*Rainey I*). Subsequently we filed an order stating that we would reconsider the case as directed by the opinion of the Supreme Court without additional briefs or oral arguments. We have reconsidered

the case as directed and, except as herein modified, the opinion we filed on 20 February 2007 remains in full force and effect.

In *Rainey I*, we reversed a superior court order affirming a Final Decision by the State Board of Education. *Id.* at 676, 640 S.E.2d at 797. Madeline Davis Tucker (petitioner) achieved certification by the National Board for Professional Teaching Standards (the National Board) in 2000. N.C. Gen. Stat. § 115C-296.2(b) requires the State to "[pay] a significant salary differential to teachers who attain national certification from [the National Board.]" N.C. Gen. Stat. § 115C-296.2(a) (2005). After petitioner received her certification, the North Carolina Department of Public Instruction (respondent) informed her that she would not receive the National Board salary increase. *Rainey I*, 181 N.C. App. at 669, 640 S.E.2d at 793. Petitioner appealed respondent's decision by filing a petition for a contested case hearing in 2002. *Id.* at 669, 640 S.E.2d at 793.

At the administrative hearing, respondent argued that petitioner was not a "teacher" for purposes of the statute and thus was not entitled to the salary increase for "teachers." *Id.* at 669-70, 640 S.E.2d at 793. The administrative law judge (ALJ) reversed respondent's decision and ordered that petitioner receive the salary increase. *Id.* at 670, 640 S.E.2d at 793-94. The State Board of Education (the State Board) did not adopt the ALJ's decision and affirmed respondent's original decision. *Id.* at 670, 640 S.E.2d at 794. Petitioner appealed to the superior court, which affirmed the State Board's decision. *Id.* at 670, 640 S.E.2d at 794. Petitioner then appealed to this Court, which reversed the superior court. *Id.* at 676, 640 S.E.2d at 797.

In reaching our decision, we applied N.C. Gen. Stat. § 150B-51(c), which was added to the North Carolina Administrative Procedures Act in 2000. *Id.* at 660, 640 S.E.2d at 794. That section states, in relevant part:

> In reviewing a final decision in a contested case in which an administrative law judge made a decision, in accordance with G.S. 150B- 34(a), and the agency does not adopt the administrative law judge's decision, the court shall review the official record, de novo, and shall make findings of fact and conclusions of law. In reviewing the case, the court shall not give deference to any prior decision made in the case and shall not be bound by the findings of fact or the conclusions of law contained in the agency's final decision.

N.C. Gen. Stat. § 150B-51(c) (2005).

**RAINEY v. N.C. DEP'T OF PUB. INSTRUCTION**

[193 N.C. App. 243 (2008)]

Petitioner assigned error to the superior court's "application of the standard of review, arguing that the trial court improperly applied the *de novo* standard of review by deferring to respondent's construction of the statute at issue." *Rainey I*, 181 N.C. App. at 672, 640 S.E.2d at 795. We held that the trial court erred by giving deference to the State Board's "demonstrated expertise and consistency in applying various statutes." *Id.* at 672, 640 S.E.2d at 795. We decided the case on the merits, however, explaining that "the trial court's erroneous . . . application of the *de novo* standard of review in no way interfere[d] with our ability to assess how that standard *should have been applied* to the particular facts of this case . . . ." *Id.* at 673, 640 S.E.2d at 795 (quotations and citation omitted). On the merits, we held that petitioner satisfied the statutory requirements of N.C. Gen. Stat. § 115C-296.2 and reversed the superior court. Id. at 676, 640 S.E.2d at 797.

Respondent appealed to our Supreme Court, which reversed and remanded the case for our consideration. *Rainey v. N.C. Dep't of Pub. Instruction*, 361 N.C. 679, 680, 652 S.E.2d 251, 252 (2007) (*Rainey II*). The Supreme Court's opinion was limited to our discussion of the superior court's *de novo* review. The Court explained that N.C. Gen. Stat. § 150B-51(c) "does not bar the trial court from considering the agency's expertise and previous interpretations of the statutes it administers, as demonstrated in rules and regulations adopted by the agency or previous decisions outside of the pending case." *Id.* at 681, 652 S.E.2d at 252.

We have reconsidered our opinion in *Rainey I* as directed by the Supreme Court in *Rainey II*, and hold that our analysis of the superior court's deference to the State Board's "demonstrated expertise and consistency in applying various statutes" was in error. However, because we reviewed the merits of the case without further consideration of the trial court's standard of review, the remainder of the opinion and its disposition are unaffected by our error.

Accordingly, we hold that the superior court did not err in granting deference to the State Board's "demonstrated expertise and consistency in applying various statutes," and, for the reasons otherwise stated in *Rainey I*, we reverse the order of the superior court.

Reversed.

Chief Judge MARTIN and Judge STEELMAN concur.